

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



February 2?, 1939

Hon. W. E. Barron
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. 0-366
Re: Is the game known as "Bingo" a
violation of the Penal Code?

Your request for an opinion on the above
stated question has been received by this office.

We wish to thank you for the very able brief
submitted with your inquiry, the same being of great
assistance in passing upon your question.

We quote from your brief as follows:

"The description of the game of Bingo is
as follows:

"'The keeper of the game provides cards
on which appear numbers in rows. There are
five numbers in each row horizontally and
vertically. Any number of players can play
upon the payment of a charge of 10 cents a
game. The keeper selects at random a player
who pitches a ball into a box and whatever
number the ball stops on, that number is
called by the keeper and the player whose
card has the same number covers the number
with some object, such as a bean, button or
grain of corn, which is provided by the keep-
er. The method of number selection and call-
ing continues until a player covers an en-
tire row of numbers, whether the row be
horizontal, vertical or diagonal. The player
shouts "Bingo" and the game ends. The winning
player is given a ticket or stub which is
redeemable either in merchandise or money.

The keeper determines the number of points
that are won in each game. If the keeper
announces a "hundred point" game, the cash
prize the winner receives is ten dollars;
if a "fifty point" game, the award is five
dollars and so on. The almost universal
practice among winning players is to re-
deem their tickets in money which the play-
er obtains by tendering his ticket to the
exhibitor or keeper of the game. Seats,
counters or tables and building are fur-
nished by the exhibitor.'"

articles 619, 620 and 621, Penal Code, read
as follows:

"Art. 619. If any person shall direct-
ly, or as agent or employe for another, or
through any agent or agents, keep or exhibit
for the purpose of gaming, any policy game,
any gaming table, bank, wheel or device for
the purpose of gaming which has no name, or
any slot machine, any pigeon hole table,
any jenny-lind table, or table of any kind
whatroever, regardless of the name or whe-
ther named or not, he shall be confined in
the penitentiary not less than two nor more
than four years regardless of whether any
of the above mentioned games, tables, banks,
wheels, devices or slot machines are licensed
by law or not. Any such table, bank, wheel,
machine or device shall be considered as
used for gaming, if money or anything of
value is bet thereon.

"Art. 20. It being intended by the fore-
going articles to include every species of
gaming device known by the name of table or
bank, of every kind whatever, this provision
shall be construed to include any and all
games which in common language are said to
be played, dealt, kept or exhibited.

"Art. 621. The following games are
within the meaning and intention of the two
preceding articles, viz.: Faro, monte, vingt
et un, rouge et noir, roulette, A. B. C.,

chuckaluck, keno and rondo; but the enumeration of these games shall not exclude any other properly within the meaning of the two preceding articles."

From these articles it is apparent that it is not necessary that the game of "Bingo" be specifically mentioned in the statutes. Article 619, Penal Code, supra, reads in part as follows:

"....Any gaming table, bank, wheel, or device of any name or description whatever, ....of any kind whatsoever, regardless of the name or whether named or not,...."

Wherein Article 621, Penal Code, supra, some games are specifically set forth in the statute, the game of Keno is mentioned, we think that the game of "Bingo" is a slight modification or variation of the game of Keno, the two games being essentially alike in that any number of persons can play; the cards used in each game are alike; the method of winning is the same; numbers are selected by chance; and the winner is given an award or prize.

"The leading elements of a gaming table or bank are: (1) It is a game; (2) it has a keeper, dealer or exhibitor; (3) it is based on the principal of one against the many; (4) the keeper, dealer or exhibitor wages against the bettors, directly or indirectly. .....The supreme test of a gaming table or bank is the one against many." Tex. Jur., Vol. 20, p. 646,647. Citing Stearnes vs. State, 21 Tex. 692; Bird vs. State, 148 SW 738; Mayo vs. State, 82 SW 515, Christopher vs. State, 53 SW 852, and others.

When the game of "Bingo" is tested by the third essential element above mentioned, at first notice the principal of one against the many is not so apparent, the bettors "seem to be contending against eachother"; whereas, in fact, the keeper or exhibitor contends against the



bettors, indirectly, as the keeper or exhibitor does a part of the fund of the bettors to satisfy the award or prize and keeps the remainder.

In the case of Stearnes vs. State, supra, a game which was not specifically set out or enumerated in the statute was held to be a violation of the law. The game in question was called "Grand Raffle". In the course of Justice Roberts' opinion, we believe these remarks are applicable to the question here:

"The characteristic principle or element of the gaming tables or banks specified in the code as faro, monte, etc., is that they have a keeper, dealer or exhibitor and operator on the basis of one against the many; the dealer, keeper or exhibitor against the betters, directly or indirectly.

"In some of them this principle is obvious, the keeper betting directly against each and all the betters, and they against him, so in faro, vingt-un, etc. In others it is disguised and the betters seem to be contending against one another. Such is the case in pool and keno. The keeper charges and takes a per centage upon all the bets that are made, and is therefore interested in stimulating and protracting the betting. The more is bet, the more he takes. And if the game continues long enough, he will have all the money and the betters have none; then it is that the true principle of the game is unveiled -- one against the many. Not so with billiards proper. The players rent the table for the time occupied in playing a game; and the keeper has an equal interest, whether they play for thousands or for amusement. In some of the games this direct and indirect development of the principle of one against the many is combined. The keeper may have a fund of his own exhibited, called a bank; which is usually money, but may be anything valuable; and which is his conditional tender to all the betters, as in faro, etc., or he may collect and

use the fund of the bettors, as in keno.

"If a party should establish in his
house a table for gaming purposes and carry
it on himself, without betting upon it him-
self, but to enable others to bet, and
should, instead of charging a percentage
upon the bets, depend upon the custom of
the bettors at his bar to compensate him,
the evil would be no less, because he per-
haps made less. He might even not be pre-
sent all the time during the playing, in
some such case that might be devised. Here,
although, according to the rules of such
games, he could not strictly be said to be
the keeper or exhibitor, still the community
would not be misled by such a change in the
mere mode of deriving his gains, and it
would be said, 'in common language', that
he kept or exhibited the table."

The cases, Shaw vs. State, 33 SW 1079, Boll
vs. State, 22 SW 667, Averhart vs. State, 18 SW 416
and Lyle vs. State, 10 SW 765, hold in effect that it
is difficult to imagine a species of a table or bank or
gaming device resembling either that is kept for gaming
that would not be included in the clauses of the code.

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this De-
partment that the game of "Bingo" comes within the pro-
hibition of the above quoted statutes of the Penal Code
and that any person who operates a "Bingo" gaming table
or bank is subject to prosecution under Article 619 of
the Penal Code.

Trusting that the foregoing answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS